UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIRSTOPHER ROBERSON,<br><br>    Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC. et al.,<br><br>    Defendants. | Case No. 2:23-cv-08824-SB-JPR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND PURSUANT TO 18 U.S.C. § 1447(C) |

      Plaintiff Christopher Roberson, a California citizen and former Walmart employee, filed an employment discrimination claim against Defendants Wal-Mart Stores, Inc., Wal-Mart Associates, Inc., Walmart Inc., David Doe, Janis Doe, Tisha Snyder, and Raul Meza.  Dkt. No. 1-1.  Corporate Defendants Wal-Mart Stores, Inc., Wal-Mart Associates, Inc., and Walmart Inc. are non-California citizens; Defendants Snyder and Mesa are California citizens.  Despite the lack of complete diversity, Corporate Defendants removed the case to federal court asserting that the Court should disregard the citizenship of Snyder and Meza because they were improperly joined as sham defendants.  Dkt. No. 1.  Plaintiff now moves to remand.[1]  Dkt. No. 15.  The Court finds this matter suitable for decision without oral argument and vacates the December 15, 2023 motion hearing.  Fed. R. Civ. P. 78; L.R. 7-15.

---

[1] Plaintiff's reply brief was untimely, Dkt. No. 27, and the Court elects not to consider it under the circumstances, see *Ambercity Hospice, Inc. v. Becerra*, No. 20-56242, 2021 WL 4924750, at *2 (9th Cir. Oct. 21, 2021) ("The district court has discretion to . . . ignore untimely filings. . .").

Federal courts have a duty to assess whether federal subject-matter jurisdiction exists. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case."). Section 1332 provides for federal jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.[2] 28 U.S.C. § 1332(a)(1). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Diversity jurisdiction requires that all plaintiffs be completely diverse from all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

Plaintiff alleges several claims against Snyder and Meza, including claims for wrongful termination in violation of public policy and for disability harassment under the Fair Employment and Housing Act (FEHA). *See generally* Dkt. No. 1-1. Corporate Defendants do not argue that Plaintiff is unable to state a claim against these individuals as a matter of law. On the contrary, Corporate Defendants concede that "an individual supervisor or coworker may be held liable for harassment in violation of the FEHA." Dkt. No. 25 at 3. Instead, they argue that Plaintiff has failed to state a claim as a matter of pleading: "Plaintiff pleads no facts whatsoever to state a claim for harassment or wrongful termination by either Snyder or Meza—he pleads only legal conclusions, which are insufficient, and need not be considered true by this Court." *Id*.

This argument fails to address the correct standard. As this Court has previously explained:

> "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Fraudulent joinder can be established by showing either fraudulent pleading of jurisdictional facts or the plaintiff's inability to establish a cause of action against the non-diverse party in state court. *Id*. The latter, on which Walmart relies, requires a showing that the non-diverse defendant "cannot be liable on any theory." *Id*. (quoting *Ritchey v.*

---

[2] The parties do not dispute that the $75,000 threshold is met.

> *Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Id*. at 549. A court must consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id*. at 550. The removing defendant's burden is "heavy," and there is a presumption against finding fraudulent joinder. *Id*. at 548.

*Gamez v. Walmart, Inc.*, No. 2:23-CV-04166-SB-KS, 2023 WL 4851342, at *2 (C.D. Cal. July 28, 2023).

At most, Corporate Defendants have shown that Plaintiff's complaint is conclusory. But they have not demonstrated that this pleading deficiency is incurable; rather, they conclusorily assert that Plaintiff has not shown otherwise. This bare assertion is not enough to satisfy their heavy burden to overcome the presumption against finding fraudulent joinder. *See Grancare*, 889 F.3d at 548; *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (noting that a "court resolves all ambiguity in favor of remand to state court").

Accordingly, Plaintiff's motion to remand is GRANTED, and the case is REMANDED to state court.

IT IS SO ORDERED.

Date: December 12, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge